IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SIDNEY JAMES CLAYTON, AIS #224797, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. ) 2:05-CV-1216- MHT ) |
| J. C. JILES, et al., | ) ) ) |
| Defendants. | ) |

**SPECIAL REPORT**

Come now the Defendants, by and through the undersigned counsel in the above styled action, and files this Special Report as follows:

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that his constitutional rights were violated by the Defendants, specifically that the Defendants violated his rights under the Ninth Amendment "of certain rights shall not be construed to deny or disparage others retained by the people"; violated his rights to equal protection under the Fourteenth Amendment; and caused him to suffer cruel and unusual punishment, a violation under the Eighth Amendment.

**DEFENSES**

The Defendants deny that they have violated any of the constitutional rights of the Plaintiff and demand the strict proof thereof.

The Defendants allege that the Plaintiff has failed to state a claim upon which relief can be granted.

The Defendants allege that the Plaintiff has failed to state a claim upon which a 42 U.S.C. § 1983 action can be maintained.

The Defendants plea the general defense.

The Defendants allege that they are entitled to qualified immunity against the claims of the Plaintiff.

The Defendants allege that they are entitled to absolute immunity against the claims of the Plaintiff.

The Defendants allege that some if not all of the claims of the Plaintiff are barred by the doctrine of *respondeat superior*.

The Defendants allege that the claims of the Plaintiff are barred by the Prisoner Litigation Reform Act (PLRA).

The Defendants reserve the right to amend their defenses, including the addition of affirmative defenses, upon the receipt of information through discovery and otherwise.

## STATEMENT OF FACTS

The Plaintiff is incarcerated at the Ventress Correctional Facility. Although the Plaintiff claims that he needs to be placed in protective custody, he offers not evidence of that need. His complaint alleges that he has enemies at Ventress and needs an emergency transfer. Such is not the case, as his only documented enemy, Inmate Covington, is at Staton Correctional Facility. (See Exhibit "A"). His complaint also alleges that his life is being threatened by DOC employees and that is cruel and unusual

punishment, but he does not state who is threatening him.

Inmate Clayton did, in fact, receive a disciplinary for Rule Violation #56, Failure to Obey a Direct Order. He was found guilty and sanctioned to thirty (30) days disciplinary segregation and thirty (30) days loss of privileges. (Attached to Mark Burton's affidavit).

**ARGUMENT**

The Eighth Amendment's prohibition on cruel and unusual punishments imposes upon prison official the duty to "take reasonable measure to guarantee the safety of the inmates'" in their custody Farmer v Brennan, ____ U.S. ____, 114 S.Ct. 1970, 1976 (1994 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). This duty includes protecting inmates "from physical assault by other inmates " Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986).. However, in this case there are no enemies of the Plaintiff at Ventress. It is only when prison officials' deliberate indifference to a known danger or risk exposes an inmate to "objectively, 'sufficiently serious'" harm, that a constitutional violation occurs. Farmer v. Brennan, ____ U.S. at ____, 114 S.Ct at 1977, 1979. See also Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir), cert denied 496 U.S. 928 (1990). Such is not the case here. The Plaintiff's claim of "threats by DOC" is equally without merit. Again the law is well established that threats are not enough to support a violation under the Eighth Amendment.

As to the Plaintiff's claim that he is due an emergency

transfer, the law is well established that inmates do not have a right to any particular classification, custody, and/or placement in a particular institution. Interestingly in this case the Plaintiff asked to stay at Ventress to complete his trade school classes. (See Mark Burton's affidavit). There is no equal protection claim, nor a Ninth Amendment claim, here.

It is the Defendants' position that Plaintiff cannot rely on a theory of respondeat superior to render a defendant liable under 42 U.S.C. 1983 or 1985. The common law doctrine of Respondeat Superior is not applicable to render a superior liable under 42 U.S.C. 1983 for the alleged unconstitutional acts of others. Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 45 L.Ed.2d 611 (1978). The mere right to control without any control or direction having been exercised is simply not sufficient to establish liability under §1983, Rizzo v. Goode, 96 S.Ct. 598 (1976).

Although the Supreme Court based its ruling on the language of §1983, there are also many sound policy reasons for not applying Respondeat Superior to civil rights cases. The doctrine is a tort law term and the functional equivalent of strict liability. Because strict liability focuses on risk allocation, it has been deemed inappropriate in §1983 litigation, Jennings v. Davis, 476 F.2d 1271 (8th Cir., 1973).

In the case of business torts, the master usually bears some, if not all, of the responsibility of the servant. In the case of

government superiors, this is usually not the case due to the merit system. In the business context, the employer frequently has a deeper pocket and this is not normally the case with government superiors. Thus, a superior in a §1983 action does not and should not have a constitutional duty, based solely upon position, to compensate a plaintiff whose constitutional rights have allegedly been violated by others.

Without question, the courts require a causal connection between the conduct of the person sought to be held liable and the plaintiff's constitutional violation. This causal connection may be established either by the showing of a direct order from the superior or a custom or policy established by the superior. Howell v. Tanner, 650 F.2d 610, 615 (5th Cir., 1981); Vasquez v. Snow, 616 F.2d 217 (5th Cir., 1980).

In the case at bar, Plaintiff has not alleged that a direct order or a custom or policy instituted by Defendants resulted in a violation of 42 U.S.C. 1983. Neither has there been any showing whatsoever of the Defendants' involvement in the incident giving rise to the case at bar.

For some time now, the law in this Circuit has been that vicarious liability is not a viable theory for recovery in a Section 1983 action. Baskin v. Parker, 602 F.2d 1205 (5th Cir. 1979); Wanger v. Bonner, 621 F.2d 675 (5th Cir., 1980).

The Court of Appeals in Wanger, supra, stated:

> "In Baskin, this court held that a sheriff could not be held liable under 42 U.S.C. 1983

> for the unlawful actions of his deputies on the basis of vicarious liability. Id at 208. Subsequent to Baskin, a plaintiff seeking to impose liability upon a supervisory official for the acts of his subordinates must show that the official was personally involved in the activities resulting in the deprivation of the plaintiff's constitutional rights. Watson v. Interstate Fire & Casualty Co., 611 F.2d 120 (5th Cir, 1980)."

In order to prevail, the Plaintiff must establish a causal connection between an act of the supervisory official and the alleged constitutional violation. Henzel v. Gerstein, 608 F.2d 654 (5th Cir., 1979).

The Fifth Circuit has held that a supervisory official cannot be liable merely for failing to adopt policies to prevent constitutional violations. Liability attaches only when the official affirmatively adopts such policies which are wrongful or legal. Vela v. Smith, 703 F.2d 147 (5th Cir., 1983); Reimer v. Smith, 663 F.2d 1316 (5th Cir., 1981); Rizzo v. Goode, supra; Lozano v. Smith, 718 F.2d 756 (5th Cir., 1983).

There have been no allegations or showing that the Defendants instigated, set in motion, or were responsible for any policy or procedure that resulted in unconstitutional treatment of Plaintiff. Defendants, in their affidavits, deny such action.

In summary, Plaintiff cannot travel under a theory of Respondeat Superior to hold Defendants liable for the Constitutional claims of Plaintiff under 42 U.S.C. 1983.

Numerous courts have also ruled that a theory of Respondeat Superior is inapplicable to a case filed under 42 U.S.C. 1983. DiMaggio v. O'Brien, 497 F.Supp. 870 (D.C. Pa. 1980); Edmonds v.

Dillin, 485 F.Supp. 722 (D.C. Ohio 1980); Peck v. U.S., 470 F.Supp. 1003 (D.C. NY 1979).

Wherefore the premises considered and there being no genuine issue of material fact, Defendants request that summary judgment be entered in their favor.

Respectfully submitted,

Kim T. Thomas
General Counsel
Assistant Attorney General

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney General

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
301 South Ripley Street
P.O. Box 301501
Montgomery, Alabama 36130-1501
(334)353-3885

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing documents upon

Inmate:
Sidney James Clayton, AIS #224797
Ventress Correctional Facility
P. O. Box 767
Clayton, Alabama 36016

by placing a copy of said documents in the U.S. Mail, postage prepaid on this the 13th day of February, 2005.

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney General