IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SIDNEY JAMES CLAYTON, ) | |
| AIS #224797, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | CASE NO. 2:05-CV-1216-WKW |
|  ) | [WO] |
|  ) | |
| J. C. GILES, et al., ) | |
|  ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Sidney James Clayton ["Clayton"], a state inmate, asserts that the defendants have denied him placement in protective custody despite assertions of threats to his safety. The defendants filed a special report supported by relevant evidentiary materials addressing Clayton's claim for relief. On March 9, 2006, Clayton filed a motion of injunction in which he continues to complain of fear for his safety due to threats and harassment. The court construes this document as a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure.*

Upon consideration of the motion for preliminary injunction and in light of the evidentiary materials submitted by the defendants, the court concludes that this motion is due to be denied.

## DISCUSSION

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Clayton must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Clayton outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" will defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of

irreparable injury would, standing alone, make preliminary injunctive relief improper").

Clayton does not present any evidence of a substantial likelihood of success on the merits. He also fails to establish that upon balancing the equities of the parties issuance of an injunction would be in the public interest. The pleadings before the court therefore fail to establish that Clayton meets each of the prerequisites necessary for issuance of a preliminary injunction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on March 9, 2006 be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before March 24, 2006 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation

shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

    Done this 14th day of March, 2006.

                              /s/ Vanzetta Penn McPherson
                              UNITED STATES MAGISTRATE JUDGE