IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SIDNEY JAMES CLAYTON, ) | |
| AIS #224797, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-1216-WKW |
| ) | [WO] |
| ) | |
| WARDEN J. C. GILES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Sidney James Clayton ["Clayton"], a state inmate, in which he contends the defendants acted with deliberate indifference to his safety by failing to grant him either protective custody or an emergency transfer from the Ventress Correctional Facility ["Ventress"] in December of 2005. Clayton also complains the defendants failure to act denied him equal protection of the law. Clayton names J. C. Giles, the warden of Ventress Correctional Facility, Darrell Parker, an assistant warden at this facility, Marshall Monk, a correctional officer, and Mark Bruton, a classification supervisor, as defendants in this cause of action.[1] Clayton seeks monetary damages for the alleged violations of his constitutional rights.

The defendants filed a written report and supporting evidentiary materials

---

[1] Clayton identifies the classification specialist as Mr. Brewton. The defendants advise that the correct name of this defendant is Mark Bruton. For purposes of this Recommendation, the court will refer to this defendant by his correct name.

addressing Clayton's claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat the defendants' written report as a motion for summary judgment. *Order of February 15, 2006 - Court Doc. No. 9*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including

---

[2]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same.

pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
> 
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 549 U.S. 521, ---, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006). Consequently, to survive the defendants' properly supported motion for summary judgment, Clayton is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of various constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when

a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not

lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at ---, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Clayton fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. FACTS

On November 23, 2005, correctional officials placed Clayton in administrative

segregation due to his violation of a prison rule. On December 1, 2005, after a disciplinary hearing and determination of Clayton's guilt for disobeying a direct order, correctional officials moved Clayton to disciplinary segregation where he remained until December 31, 2005. During his first week in disciplinary segregation, Clayton asserts he requested placement in protective custody due to threats from two inmates and harassment by several correctional officers. The record indicates that on December 20, 2005 Clayton submitted a statement to Ms. Shakespeare advising he had inmate and correctional enemies at Ventress. *Plaintiff's Exhibit A to the March 8, 2006 Response - Court Doc. No. 10-4*. In response to these allegations, Ms. Shakespeare immediately informed Clayton she could not "put the names on an enemy form without validation. I need to ... know WHY these people are your enemies. What happened with each person named to make them your enemies." *Id*. The record contains no further documentation from Clayton with respect to his alleged enemies.

In April of 2006, Clayton was transferred from Ventress to Bullock County Correctional Facility. The documents filed by Clayton establish he suffered no harm from either inmates or correctional officers during the term of his incarceration at Ventress relevant to this case.

### III.  DISCUSSION

#### A.  Deliberate Indifference

Clayton asserts the defendants acted with deliberate indifference to his safety by failing to place him in protective custody or grant him an emergency transfer. In support of this claim, Clayton argues he should have been allowed such protection or transfer because he feared for his life due to allegedly being housed in a facility with two enemy inmates and hostile correctional officers.[3]

In their affidavits, the defendants adamantly deny they acted with deliberate indifference to Clayton's safety. Specifically, the defendants maintain they had no knowledge of any request by Clayton for protective custody or emergency transfer. They further assert a lack of awareness with respect to Clayton being in danger from other inmates or correctional officers during the few months at Ventress about which he complains.

Correctional officials may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's safety when the official knows the inmate faces "a substantial risk of serious harm" and with such knowledge disregards the risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.' *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1982-83, 128

---

[3]Clayton identifies the inmates as Charles Cunningham and Dale Drought and the officers as Lt. Downy, officer Brown, Sgt. Lonemire, Sgt. Carter and officer Richardson. None of these officers are named as defendants in this cause of action.

L.Ed.2d 811 (1994). A plaintiff must also show that the constitutional violation caused his injuries." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc).

In *Farmer*, the Court identified both objective and subjective elements necessary to establish an Eighth Amendment violation. With respect to the requisite objective elements, an inmate must first show "an objectively substantial risk of serious harm ... exist[ed]. Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh*, 268 F.3d 1028-1029. As to the subjective elements, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.... The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.' ... [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 837-838; *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (citing *Farmer*, 511 U.S. at 838) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (same). The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety.... It is ***obduracy and wantonness, not inadvertence or error in good faith***, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing

9

conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (emphasis added).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists - and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotations omitted). As is clear from the foregoing, "[m]erely negligent failure to protect an inmate ... does not justify [§ 1983] liability...." *Id.*

Pursuant to the aforementioned criteria, Clayton is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation[]" in order to survive summary judgment on his deliberate indifference claim. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Farmer*, 511 U.S. at 837-838 (To circumvent entry of summary judgment on a properly supported motion, plaintiff must produce sufficient evidence which demonstrates (1) an objectively substantial risk of serious harm; (2) a subjective awareness of this risk on the part of the defendants; (3) the defendants responded to such risk in an objectively

unreasonable manner; and (4) the actions/omissions of the defendants caused his injuries); *Marsh*, 268 F.3d at 1028-1029 (same).

The record is completely devoid of evidence that a constitutional deprivation occurred due to deliberate indifference on the part of the defendants. Clayton presents no evidence of an objectively substantial risk of serious harm nor is there any evidence demonstrating subjective awareness of a substantial risk of such harm by the defendants, each of which is a required element of his Eighth Amendment claim. "Plaintiff has failed to establish that [any] Defendant had a subjective awareness of a substantial risk of serious physical [harm] to Plaintiff; thus, Plaintiff has failed to establish a required element of this claim. When viewing the evidence most favorably toward Plaintiff, a claim for deliberate indifference has not been established...." *Carter*, 352 F.3d at 1350 (footnote omitted). Consequently, summary judgment is due to be granted in favor of the defendants.[4]

## B. Equal Protection

Clayton alleges that the actions of the defendants "denied [him] equal protection [of the] law." *Plaintiff's Complaint - Court Doc. No. 1* at 3. Clayton, however, presents no facts in support of this allegation. Thus, this claim entitles Clayton to no relief from this court.

In order to set forth a claim cognizable under the Equal Protection Clause, "a

---

[4]Moreover, Clayton has presented no evidence that the defendants acted in a manner which caused him to suffer an injury. Clayton has therefore likewise failed to satisfy the causation element of his Eighth Amendment claim.

prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001). Additionally, to succeed on an equal protection challenge, the plaintiff must demonstrate the existence of discriminatory intent; arbitrary application of prison rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where the plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of inmates, without more, fails to allege a violation of the Equal Protection Clause. *E &*

*T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Clayton utterly and completely fails to meet his pleading burden as he does not identify any other similarly situated inmate who received more favorable treatment nor does he allege the defendants subjected him to adverse treatment based on some constitutionally impermissible reason. In short, Clayton sets forth no facts to support his allegation of an equal protection violation; rather, he simply makes the conclusory assertion that the defendants failure to act as he requested violated his right to equal protection. To the extent Clayton appears to rely on the fact that other inmates have been granted protective measures by the defendants, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause. *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Clayton's allegation does not rise to the level of an equal protection violation and therefore provides no basis for relief in this 42 U.S.C. § 1983 action. Thus, this claim is due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED.

    2. Judgment be GRANTED in favor of the defendants.

    3. This case be dismissed with prejudice.

    4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before June 3, 2008 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of May, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE